## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD JORDAN, | : | CIVIL NO. 3:13-CV-01943 |
| | : | |
| Plaintiff, | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| SCI HOUTZDALE MEDICAL | : | |
| DEPARTMENT, STATE COLLEGE | : | |
| EYE DOCTOR, CENTRE EYE | : | |
| PHYSICIANS, and | : | |
| DR. MARCOURTCH, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

In this civil action, brought pursuant to 42 U.S.C. § 1983, the *pro se* plaintiff, Gerald Jordan ("Jordan"), a prisoner at SCI Houtzdale, has filed a complaint, which, liberally construed, includes claims of inadequate medical care, in violation of the Eighth Amendment, and professional malpractice or simple negligence. *Doc.* 3. For the following reasons, we recommend that this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 83.3.1.

## I.   Background and Relevant Procedural History.

Jordan initiated this lawsuit on July 5, 2013, in the District Court for the Eastern District of Pennsylvania. *Doc.* 1. The District Court for the Eastern District, however, transferred the case to this Court and also granted Jordan's

motion to proceed *in forma pauperis*. *Doc.* 2. Thereafter, on December 15, 2014, we issued an Order directing the Clerk of Court to send waiver forms to the defendants. *Doc.* 8. In complying with our Order, the Clerk of Court also sent a letter to Jordan advising him that the waiver was not served upon one of the defendants. *Doc.* 10. That letter was returned to the Court as undeliverable, and it was noted on the envelope that Jordan was not at the address provided for him on the Docket. *See Doc.* 12. As a result, we issued an Order requiring to Jordan to update his address on or before January 12, 2015. *Doc.* 13. To date, we have not heard from Jordan. Moreover, the latter Order was also returned to the Court as undeliverable. *Doc.* 14.

With respect to the contents of Jordan's complaint, he names the following four defendants: (1) SCI Houtzdale Medical Department; (2) State College Eye Doctor; (3) Centre Eye Physicians; and (4) Dr. Marcourtch. *Docs.* 1 & 3. According to Jordan, in February 2013, while he was imprisoned at SCI Houtzdale, he received an "eye spray" and underwent eye surgery that ultimately resulted in blindness in his right eye. Jordan claims that after the surgery, he was told that he would regain his eye sight a few hours after the procedure. Apparently, though, Jordan's eye sight in the right eye did not return, and he is "always bumping into things." Moreover, Jordan wrote a sick call request at the prison, but he was told that nothing else could be done for him there. Upon these factual allegations, we

2

liberally construe Jordan's complaint to include an Eighth Amendment claim for inadequate medical care in addition to a state law claim for professional malpractice or negligence.   As a remedy, Jordan seeks to recover monetary damages.

## II.   Discussion.

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."   Under Rule 41(b), the Court may dismiss a complaint *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same). When determining whether to *sua sponte* dismiss a complaint, as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance the following six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984).   None of the six factors is dispositive.   *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).   A district court may also dismiss a complaint where not all six factors

are satisfied. *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir.1992).   Ultimately, the decision to dismiss remains within the discretion of the district court. *Id.*

In addition to Rule 41(b) of the Federal Rules, Local Rule 83.3.1 provides that a failure to comply with any of the Court's Local Rules "may be considered an abandonment or failure to prosecute or defend diligently."   Moreover, Local Rule 83.18 provides that parties not represented by counsel "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served…."   We will discuss the *Poulis* factors *seriatim.*

### A. The extent of Jordan's personal responsibility.

This factor weighs in favor of dismissal because Jordan is personally responsible for complying with the Local Rules and orders from this Court. Moreover, in our Order directing the Clerk of Court to send waiver forms to the defendants, we specifically informed Jordan of his obligation to keep his address current. *See Doc.* 8 at 4.   We subsequently provided Jordan with the same obligation when we Ordered him to update his address on or before January 12, 2015. *See Doc.* 13.   Thus, Jordan had personal knowledge of his obligation to keep this Court informed of his current address.   Nonetheless, Jordan has failed to comply our Orders and, simultaneously, the Court's Local Rules.

4

**B. Prejudice to the defendants.**

Generally, "prejudice" here means "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 874 (3d Cir. 1994). While, in the time that our Orders and other correspondence have been returned as undeliverable, some of the defendants have waived service, we find that this factor actually weighs against dismissal. Indeed, there is no evidence demonstrating that Jordan's more recent failure to update his address has resulted in prejudice to the defendants.

**C. History of dilatoriness.**

This factor, too, weighs against dismissal. A history of dilatoriness might be found from "extensive or repeated delay or delinquency," such as "consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams,* 29 F.3d at 874; *see also Ware*, 322 F.3d at 222. Here, other than Jordan's isolated failure to respond to our Order requiring him to update his address, Jordan has not displayed a history of dilatoriness.

**D. Whether Jordan's conduct was willful or done in bad faith.**

Under this factor, the Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Adams,* 29 F.3d at 875.  Generally, "[w]illfulness involves intentional or self-serving behavior." *Id.*  Bad faith is found when the conduct goes beyond mere negligence. *Emerson v. Thiel College*, 296 F.3d 184, 191 (2002).  In this case, there is no evidence that Jordan has displayed willful conduct or bad faith.

**E. Effectiveness of sanctions other than dismissal.**

Under this factor, a district court must consider the availability of sanctions alternative to dismissal. *Poulis,* 747 F.2d at 869.  Generally, in a situation such as this one, where a plaintiff is proceeding *pro se* and *in forma pauperis*, no alternative sanctions exist because monetary sanctions, including attorney's fees, "would not be an effective alternative." *Emerson,* 296 F.3d at 191.  Thus, it is readily apparent that monetary sanctions would be ineffective in light of Jordan's financial situation.  Moreover, we are unaware of any other effective sanctions in cases such as this where the party cannot even be contacted. *See Binsack v. Lackawanna County Dist. Attorney's Office*, No. 08-1166, 2011 WL 5840314, at *1 (M.D. Pa. Nov. 21, 2011)("[N]o other sanctions will be effective where the Court cannot even make contact with the party.")  Thus, this factor weighs in favor of dismissal.

**F. Jordan's claims.**

As mentioned, *supra,* we liberally construe Jordan's complaint to include a claim for inadequate medical care, in violation of the Eighth Amendment, and a state law claim for professional malpractice or negligence. A review of the contents of the complaint, however, reveals various deficiencies.

As an initial matter, it appears that defendant SCI Houtzdale Medical Department would be entitled to dismissal, with prejudice, on the basis of Eleventh Amendment immunity.[1] *See Everett v. Schramm*, 772 F.2d 1114, 1118 (3d Cir. 1985)(holding that where a state agency or department is named as a defendant, that too is considered a suit against a state, for purposes of the Eleventh Amendment)(citing *Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Association*, 450 U.S. 147 (1981)). Next, other than claiming to have been treated by Dr. Marcourtch and Centre Eye Physicians, Jordan has not plausibly shown that these defendants are "persons" to be sued under 42 U.S.C. § 1983, in that there are no allegations to suggest that these defendants acted under color of state law. Moreover, to the extent that defendants Centre Eye Physicians and State College Eye Doctor can be sued under § 1983, Jordan has not plausibly shown that any relevant policy or custom of these

---

[1] The same result would apply to defendant State College Eye Doctor, if evidence were to establish that it is an agency or department of the Commonwealth.

defendants caused the alleged constitutional violation.   *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 584 (3d Cir. 2003)(citing *Board of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)).   Finally, to the extent Jordan is raising a state law claim for professional malpractice, assuming also that the Court would have supplemental jurisdiction over the claim, he has never filed a certificate of merit.   *See Davis v. United States*, No. 07-0566, 2009 WL 890938, at *4 (M.D. Pa. Mar. 31, 2009)(Vanaskie, J.)(cited cases omitted).

### G. Balancing the *Poulis* factors.

Again, in balancing the *Poulis* factors, no single factor is dispositive, *Ware*, 322 F.3d at 222.   Furthermore, not all of the factors need be satisfied in order to dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992). It is clear in this instance, moreover, that many of the crucial factors weigh in favor of dismissal of the action for Jordan's failure to comply with our Orders and the Court's Local Rules, which required him to keep his address current.

## III.    Recommendation.

For the foregoing reasons, **WE RECOMMEND** that this case be **DISMISSED** and the case file **CLOSED** pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 83.3.1.   The parties are placed further on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen  (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **9th** day of **February, 2015**.


*S/ Susan E. Schwab*
**Susan E. Schwab**
**United States Magistrate Judge**